**25-12282-F**

# United States Court of Appeals
## for the
# Eleventh Circuit

---

DAWN PLAGIANES,

*Plaintiff-Appellant,*

– v. –

FULTON COUNTY SCHOOL DISTRICT,

*Defendant-Appellee.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, CASE NO: 1:24-cv-03775-JPB

# APPELLEE'S RESPONSE BRIEF

Brandon O. Moulard
Jeffrey R. Daniel
PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
(678) 690-5750
(404) 869-6972 (facsimile)
brandonmoulard@parkerpoe.com
jeffdaniel@parkerpoe.com

*Counsel for Appellee*

CP COUNSEL PRESS   (800) 4-APPEAL • [813482]

*Dawn Plagianes v. Fulton County School District*
Case No. 25-12282-F

## APPELLEE'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Federal Appellate Rule 26.1 and Eleventh Circuit Rule 26.1, Defendant-Appellee ("FCSD") list the trial judge(s) and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Anand, The Hon. Justin, United States District Court Magistrate Judge

2. Boulee, The Hon. J.P. - United States District Court Judge

3. Daniel, Jeffrey R. - Counsel for Defendant/Appellee

4. Hall, Anthony J. - Counsel for Plaintiff/Appellant

5. Moulard, Brandon O. - Counsel for Defendant/Appellee

6. Parker Poe Adams & Bernstein LLP - Law Firm of Defendant/Appellee

7. Plagianes, Dawn - Plaintiff/Appellant

8. Rose, Jordan P. - Counsel for Plaintiff/Appellant

9. The Leach Firm, P.A. - Law Firm of Plaintiff/Appellant

No publicly traded company or corporation has an interest in the outcome of this appeal.

Respectfully submitted this 15th day of December, 2025.

C - 1

-i-

## STATEMENT ON ORAL ARGUMENT

The Appellant requested oral argument. FCSD disagrees that oral argument is necessary or would be useful. The district court decided the motion to dismiss correctly in FCSD's favor. In their briefs, the parties have thoroughly presented the pertinent factual allegations and legal arguments. And this case presents no novel issues on appeal. For those reasons, oral argument is unlikely to aid the Court's decision-making process. *See* Fed. R. App. P. 34(a)(2)(B)-(C).

# TABLE OF CONTENTS

**APPELLEES' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**..................................................C-1

**STATEMENT ON ORAL ARGUMENT** ............................................... i

**TABLE OF CONTENTS**.................................................................. ii

**TABLE OF CITATIONS** .............................................................. iii

**STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION**..................................................................1

**STATEMENT OF THE ISSUES** .......................................................2

**INTRODUCTION**........................................................................3

**STATEMENT OF THE CASE**..........................................................4

    I.   Statement of Facts.................................................................4

        A.  Allegations in Plagianes's pleadings.................................4

        B.  Plagianes's untimely EEOC Charge..................................6

    II.  District Court Proceedings.....................................................6

**STANDARD OF REVIEW**..............................................................9

**SUMMARY OF THE ARGUMENT** ....................................................9

**ARGUMENT AND CITATION OF AUTHORITY** ...........................................10

    I.   The district court correctly found that Plagianes's ADA claims were time-barred................................................................12

    II.  Plagianes's EEOC Charge was untimely even if her separation is construed as a "constructive discharge."...........................................14

    III.  Plagianes has waived the issue of equitable tolling. .....................17

    IV.  No facts justify equitable tolling. ........................................19

**CONCLUSION**.........................................................................21

# TABLE OF CITATIONS

## Cases

*Abram v. Fulton Cnty. Gov't,*
598 F. App'x 672 (11th Cir. 2015).............................................................. 18, 19

*Ahmed v. Bd. of Regents of Univ. Sys. of Ga.,*
339 F. App'x 937 (11th Cir. 2009)....................................................................19

*Brown v. John Deere Prod., Inc.,*
460 F. App'x 908 (11th Cir. 2012)............................................................. 19, 20

*Chawla v. Emory University,*
No. CIV.A. 1:95CV0750JOF, 1997 WL 9057570
(N.D. Ga. Feb. 13, 1997) ....................................................................... 15, 16, 17

*Delaware State Coll. v. Ricks,*
449 U.S. 250 (1980) ................................................... 11, 12, 13, 15, 16, 17

*Green v. Brennan,*
578 U.S. 547 (2016) ........................................................ 14, 15, 16, 17

*Jordan v. City of Montgomery,*
283 F. App'x 7668 (11th Cir. 2008).........................................................11, 12, 13

*Nat'l R.R. Passenger Corp. v. Morgan,*
536 U.S. 101 (2002) ...........................................................................11, 17, 19

*Regueiro v. American Airlines, Inc.,*
147 F.4th 1281 (11th Cir. 2025)...........................................................................9

*Ross v. Buckeye Cellulose Corp.,*
980 F.2d 648 (11th Cir. 1993)........................................................................11, 13

*Sandvik v. United States,*
177 F.3d 1269 (11th Cir. 1999)...........................................................................19

*Stamper v. Duval Cnty. Sch. Bd.,*
863 F.3d 1336 (11th Cir. 2017)...........................................................................10

*Wilkerson v. Grinnell Corp.,*
270 F.3d 1314 (11th Cir. 2001)...........................................................................10

## Statutes

28 U.S.C. § 1291 ...............................................................................................1

28 U.S.C. § 1331 ...............................................................................................1

28 U.S.C. § 1342 ...............................................................................................1

42 U.S.C. § 2000e-5(e)(1)........................... 2, 3, 6, 7, 8, 9, 10, 14, 15, 17, 18, 20, 21

42 U.S.C. § 2000e-5(f)(1) ......................................................................................20

-1-

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is an appeal from an order entered by U.S. District Judge J.P. Boulee on June 5, 2025, granting FCSD's Motion to Dismiss. [Doc. 16.] Under 28 U.S.C. §§ 1331 and 28 U.S.C. §1342, the district court had subject-matter jurisdiction over the action. Under 28 U.S.C. § 1291, this Court has subject-matter jurisdiction over this appeal because the order is a "final decision."

## <u>STATEMENT OF THE ISSUES</u>

1) Under 42 U.S.C. § 2000e-5(e)(1), did the district court correctly find that Plagianes's failure-to-accommodate claim under the ADA was barred for failure to timely exhaust her administrative remedies with the Equal Employment Opportunity Commission?

2) If one assumes Plagianes's separation were a "constructive discharge," would that have delayed the commencement of her 180-day charge-filing deadline under 42 U.S.C. § 2000e-5(e)(1)?

3) By failing to argue for equitable tolling below, has Plagianes waived that issue on appeal?

4) Has Plagianes pointed to any factual allegation warranting equitable tolling of her 180-day charge-filing deadline under 42 U.S.C. § 2000e-5(e)(1)?

## **INTRODUCTION**

In dismissing this lawsuit, the district court got it right. Plagianes's ADA claims are barred because she did not timely exhaust her pre-suit remedies with the EEOC. In April 2021, FCSD unequivocally told Plagianes that she could resign or be terminated. And before mid-month, Plagianes tendered her resignation. At that point, under 42 U.S.C. § 2000e-5(e)(1), she had 180 days to file a charge of discrimination with the EEOC. But Plagianes missed that deadline by three months. Because she ignored her charge-filing deadline, her ADA claims, including her failure-to-accommodate claim, are now barred.

On appeal, Plagianes points to no error in the district court's analysis. Though she claims the district court failed to analyze her claim under a "constructive discharge" framework, that argument is a red herring. Even if Plagianes were constructively discharged, her charge-filing deadline would have remained the same, because the date of her discharge was April 12, 2021, at the latest—the day she gave notice of her resignation. Plagianes cannot retroactively extend that deadline by now labeling her resignation a "constructive discharge."

Plagianes also cannot excuse her untimeliness by now arguing for equitable tolling of the charge-filing deadline. To begin, she has waived that issue because she did not raise it below. And even if she had preserved the issue for appeal, the argument lacks merit, because equitable tolling is only warranted where

extraordinary circumstances, such as fraud or extreme mental illness, conspire to prevent the plaintiff from timely filing. Plagianes makes no such case here.

This Court should therefore enforce the ADA's pre-suit administrative exhaustion requirements and affirm the district court's dismissal of this action.

## STATEMENT OF THE CASE

### I. Statement of facts.

### A.    Allegations in Plagianes's pleadings.

From 2016 until July 31, 2021, Plagianes was a teacher at McNair Middle School, in FCSD. [Doc. 1 ¶¶ 25-27, 51.] Plagianes alleges that, on September 10, 2020, she "began experiencing medical difficulties related to a prior cancer diagnosis." [*Id.* ¶ 27.] On September 14, she asked FCSD's Human Resources Department for permission to work remotely. [*Id.* ¶¶ 27-29.]

On September 17, Plagianes had COVID symptoms, so the school nurse sent her home. [*Id.* ¶ 30.] After Plagianes tested positive for COVID, she remained at home for ten days, per FCSD policy at the time. [*Id.* ¶ 31.]

After Plagianes requested FMLA leave, FCSD approved her FMLA leave from September 21, 2020, through October 19, 2020. [*Id.* ¶¶ 32-34.] Her return-to-work date was October 20. [*Id.* ¶ 35.]

During her leave period, Plagianes submitted an ADA accommodation request that she be allowed to continue working virtually after her FMLA leave period ended. [*Id.* ¶¶ 35-38.] On October 19, HR denied that request but said FCSD would

4

provide other accommodations, including a shield around her desk and extra cleaning supplies. [*Id.* ¶ 38.]

Before her leave period ended, Plagianes requested additional FMLA leave. [*Id.* ¶¶ 39-40.] FCSD approved a second leave period from October 20, 2020, until November 11, 2020. [*Id.* ¶ 40.] FCSD then allowed Plagianes to take additional leave from November 11, 2020, through March 17, 2021, and set a return-to-work date of March 18, 2021. [*Id.* ¶ 45.] Altogether, Plagianes was on medical leave for 25 weeks. [*Id.* ¶¶ 34, 40, 45.]

At some point, Plagianes scheduled two COVID-19 vaccination appointments on March 22 and April 12, 2021. [*Id.* ¶ 47.] Plagianes told FCSD she would not return to in-person teaching after receiving the second dose. [*Id.*]

Plagianes then received a call from FCSD's legal counsel, "who stated that [FCSD] was no longer going to allow her to return to work. . . ." [*Id.* ¶ 48; Doc. 9-1 ¶ 52.] FCSD's attorney gave her an ultimatum: "1) resign; 2) medically resign; or 3) be terminated." [Docs. 1 ¶ 49; 9-1 ¶ 53.] Plagianes then asked "why she would face termination," and the attorney reiterated "that this was the decision made by" FCSD. [Docs. 1 ¶ 50; 9-1 ¶ 55 .] FCSD gave Plagianes one week to decide. [Doc. 9-1 ¶ 53.]

On April 12, 2021, Plagianes chose medical resignation, effective July 31, 2021. [Doc. 1 ¶ 51; 9-1 ¶ 57.]

### B.    Plagianes's untimely EEOC Charge.

On January 5, 2022, Plagianes filed a Charge of Discrimination with the EEOC. [Doc. 8-2.] In that charge, Plagianes accused FCSD of unlawful disability discrimination and retaliation. [*Id.* at 1.] In support of that claim, she complained that FCSD required her return to in-person instruction. [*Id.*] Plagianes confirms that all those decisions occurred in 2020. [*Id.*] She also confirms that, in early April 2021, FCSD told her she must resign or face termination. [*Id.* at 2 (alleging that HR presented this option within "[a] couple of weeks" after a phone call on March 18, 2021).] 180 days after April 1, 2021 is September 28, 2021.

## II. District court proceedings.

Plagianes's complaint originally asserted claims for retaliation and failure to accommodate under Title I of the ADA and unlawful interference and retaliation under the Family Medical Leave Act ("FMLA"). [Doc. 1.]

FCSD moved to dismiss Plagianes's complaint on three main grounds. [Doc. 8.] First, FCSD argued that, under 42 U.S.C. § 2000e-5(e)(1), Plagianes's ADA claims all were time-barred because she did not timely file her EEOC charge. [Doc. 8-1 at 6-7.] Second, putting aside the lack of administrative exhaustion, FCSD argued that Plagianes had not otherwise pled a valid theory of liability under the ADA. [*Id.* at 7-14.] Third, FCSD argued that Plagianes had not pled a valid FMLA claim. [*Id.* at 14-19.]

Plagianes filed her response brief and simultaneously moved for leave to amend her complaint, submitting a proposed amended complaint. [Docs. 9; 9-1.] In opposing dismissal of her ADA claims, Plagianes argued that FCSD's actions from early April 2021 through the effective date of her resignation (July 31, 2021) were "a continuing violation," which delayed commencement of her 180-day charge-filing deadline. [Doc. 9 at 5-6.] But she did not argue for "equitable tolling" of that limitations period. [*See generally id.*] Plagianes also did not oppose dismissal of the FMLA claims, and she omitted them entirely from her proposed amended complaint. [*See generally* Docs. 9; 9-1.]

FCSD then filed a reply brief in support of its motion. [Doc. 10.]

Magistrate Judge Justin S. Anand entered a final report and recommendation ("R&R"), recommending that the district court dismiss the action with prejudice and deny Plagianes's motion for leave to amend on futility grounds. [Doc. 12 at 1.] Judge Anand found that Plagianes's ADA claims were barred because she did not timely file her EEOC charge under 42 U.S.C. § 2000e-5(e)(1). [*Id.* at 11-16.] Judge Anand also found that Plagianes had failed to plausibly allege theories of intentional discrimination and retaliation under the ADA. [*Id.* at 16-25.] And he found that Plagianes had both (i) abandoned her FMLA claims by omitting them from her proposed amended complaint and (ii) failed to state an FMLA violation. [*Id.* at 25-27.]

7

Plagianes then objected to portions of the R&R. [Doc. 14.] Plagianes did not object to Judge Anand's finding that she had failed to state claims for disparate treatment or retaliation under the ADA. [Doc. 14 at 2-3.] Nor did she object to dismissal of the FMLA claims. [*See generally id.*] She objected only to the recommended dismissal of her failure-to-accommodate claim under the ADA, arguing that her 180-day charge-filing deadline should have extended from July 31, 2021 (the last day of her contract term), not April 12, 2021 (the date she tendered her resignation after begin given the choice of resignation or termination). [*Id.* at 3-6.]

District Judge J.P. Boulee then reviewed the parties' briefs, overruled Plagianes's objections, adopted the R&R in full, and dismissed Plagianes's claims with prejudice. [Doc. 16 at 11.] After analyzing the administrative-exhaustion issue de novo, Judge Boulee found that Plagianes had failed to timely exhaust her administrative remedies under 42 U.S.C. § 2000e-5(e)(1). [*Id.* at 8-11.] Plagianes's allegations confirmed that, by April 12, 2021, at the latest, she received "unequivocal," "unambiguous" notice that FCSD was severing her employment. [*Id.* at 10-11.] Because the 180-day charge-filing countdown began that day, Plagianes's EEOC charge was untimely. [*Id.* at 11.] And because none of Plagianes's proposed amendments cured that defect, her motion for leave to amend the complaint was futile. [*Id.*]

On appeal, Plagianes's challenges only the dismissal of her failure-to-accommodate claim.

## STANDARD OF REVIEW

"This Court reviews *de novo* a district's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Regueiro v. American Airlines, Inc.*, 147 F.4th 1281, 1286 (11th Cir. 2025).

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Plagianes's failure-to-accommodate claim under the ADA because she did not timely exhaust her pre-suit administrative remedies. Under 42 U.S.C. § 2000e-5(e)(1), Plagianes had to file her EEOC charge within 180 days of receiving notice of FCSD's decision to terminate her. Plagianes received that notice in early-to-mid April 2021, meaning she had until October 9, 2021, at the latest, to file her charge. But she instead waited until January 5, 2022, to do so, making her claims untimely.

On appeal, Plagianes provides no basis for altering her 180-day charge-filing deadline. Contrary to her argument, it matters not whether she was "constructively discharged." A constructive discharge occurs when the employee gives notice of her intent to resign, not her last day on the job. So because Plagianes gave notice on

April 12, she still missed the charge-filing deadline for her "constructive discharge" claim.

Plagianes fares no better by now trying to argue for equitable tolling. She has forfeited that argument by not raising the issue with the trial court. Even if Plagianes had preserved the issue for appeal, she pointed to no factual circumstances that warrant tolling her charge-filing deadline.

Plagianes had all the information necessary to meet her charge-filing deadline. She just didn't do so. For that reason, her EEOC charge was untimely, and her ADA claims are now barred. This Court should therefore affirm the district court.

## **ARGUMENT AND CITATION OF AUTHORITY**

This Court should affirm the district court's dismissal of Plagianes's failure-to-accommodate claim[1] because she failed to timely exhaust her administrative remedies with the EEOC. Before suing under Title I of the ADA, the employee must file an EEOC charge detailing the discrimination. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339-1340 (11th Cir. 2017). Under 42 U.S.C. § 2000e-5(e)(1), the employee must do so within 180 days of the last discriminatory act. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). If the employee fails to do,

---

[1] Though Plagianes's failure to exhaust bars all her ADA claims, FCSD reiterates that the only ADA claim at issue on appeal is Plagianes's failure-to-accommodate claim. She does not challenge the district court's finding that she failed to plausibly allege the elements of any other theory of discrimination under the ADA, including disparate treatment and retaliation.

her ADA claim is time-barred. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 658 (11th Cir. 1993).

Each discrete act of alleged discrimination carries its own 180-day limitations period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Employment practices "such as termination, failure to promote, denial of transfer, or refusal to hire" are all considered discrete acts. *Id.* And in the case of an alleged discriminatory discharge, the 180-day limitations period begins running when the employee receives "unequivocal notice" of her employer's intent to terminate her. *Jordan v. City of Montgomery*, 283 F. App'x 766, 768 (11th Cir. 2008). The employee cannot toll that limitations period through internal appeals or seeking collateral review of the separation decision. *Id.* If the employee does not meet her 180-day charge-filing deadline, the alleged discriminatory act is no longer actionable. *Morgan*, 536 U.S. at 113.

And as the U.S. Supreme Court has explained, that limitations period commences when the employee learns of the separation decision, not the employee's last date of employment. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). In *Ricks*, a college denied tenure to a professor, allowing his employment contract to wither on the vine for the remaining one-year term. *Id.* at 257. In effect, the college gave notice of termination because termination was the inevitable result of being denied tenure. *Id.* at 257-58. The professor later claimed that decision was

11

unlawfully discriminatory, but he did not file his EEOC charge within 180 days of learning of the tenure denial. *Id.* at 258. Instead, he waited until after his contract term ended and then filed his charge. *Id.* Even though he filed within 180 days of his last day on the job, his claim was barred for untimely administrative exhaustion. *Id.* at 259.

## I.    The district court correctly found that Plagianes's ADA claims were time-barred.

Under *Ricks*, the district court correctly found that Plagianes's ADA claim is untimely because she did not file her EEOC Charge within 180 days of when FCSD communicated the separation decision to her. Though Plagianes alleges she resigned, effective July 31, 2021, her EEOC charge confirms that she was given that ultimatum (resign or be fired) in early April 2021. [*See* Doc. 8-1 at 2.] To further drive the point home, FCSD's attorney told her that FCSD "was no longer going to allow her to return to work. . . ." [Docs. 1 ¶ 48; 9-1 ¶ 52.] At that point, Plagianes knew her employment with FCSD was coming to an end, regardless of any further administrative delays in effecting the separation. *Jordan*, 283 F. App'x at 768.

Though Plagianes now claims she did not appreciate the finality of the decision, her own allegations confirm she knew she was getting fired. After receiving the ultimatum, Plagianes asked "why she would face termination," and the attorney reiterated "that this was the decision made by" FCSD. [Docs. 1 ¶ 50; 9-1 ¶ 55.] FCSD gave Plagianes one week to decide between her three options—all of

which severed her employment with FCSD. [Doc. 9-1 ¶ 53.] And on April 12, 2021, Plagianes chose medical resignation. [Doc. 1 ¶ 51; 9-1 ¶ 57.]

As *Ricks* makes clear, it matters not that Plagianes's employment contract remained active until its natural contract term end-date of July 31, 2021. *See Ricks*, 449 U.S. at 258-59. The point is that FCSD told her in early April, in no uncertain terms, that she was done. And Plagianes's notice of resignation on April 12 confirms that she understood her employment was finished.

So from early-to-mid April, Plagianes had 180 days to file her EEOC Charge—October 9, 2021 at the latest. She could not extend that deadline by feigning ignorance about what the ultimatum meant or hoping FCSD would change its mind. *See Jordan*, 283 F. App'x at 768 (explaining that clock begins running when employee receives "unequivocal notice" of separation decision, regardless of whether the employee tries to appeal that decision internally). That FCSD allowed her to remain employed for the rest of her contract term also does not extend the limitations period. *See Ricks*, 449 U.S. at 258-59.

Rather than meet her October deadline, Plagianes waited until January 5, 2022, to file her EEOC charge. So she missed her pre-suit charge-filing deadline by three months. Because she blew that limitations period, her ADA claim is now barred. *See Ross*, 980 F.2d at 658. The district court got it right.

On appeal, Plagianes provides no valid basis for second-guessing that decision. First, even if she were "constructively discharged," that would not alter when her ADA claims accrued under 42 U.S.C. § 2000e-5(e)(1). Second, she cannot now argue for equitable tolling, because she failed to preserve that issue below. And third, even if Plagianes had raised equitable tolling with the lower court, she points to nothing implicating the doctrine.

## II.    Plagianes's EEOC Charge was untimely even if her separation is construed as a "constructive discharge."

Even if this Court assumed Plagianes were "constructively discharged," her EEOC charge was still untimely under 42 U.S.C. § 2000e-5(e)(1). "The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his working conditions become so intolerable that a reasonable person in the employee's position would be have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). "When the employee resigns in the face of such circumstances," the resignation is "tantamount to an actual discharge." *Id.* So for purposes of administrative exhaustion, the charge-filing deadline begins when the employee resigns. *Id.* at 556.

In *Green v. Brennan*, the Supreme Court addressed when a constructive discharge occurs. It explained that resignation occurs when the employee gives the employer notice of her intent to resign—not the date the resignation becomes effective. *Id.* at 563-64. For instance, if an employee feels compelled to resign and

14

gives two weeks' notice, her claim accrues on the date of the notice, not her last day of work. *Id.* at 564. The Supreme Court confirmed that its prior holding in *Ricks* still applies, even in the constructive discharge context. *Id.* In other words, there is nothing magical about a "constructive discharge" allegation that allows an employee to extend her charge-filing deadline beyond the date she gives notice of intent to resign. *Id.*

Whether or not Plagianes was "constructively discharged," her claims are still untimely. Plagianes's constructive discharge claim accrued when she gave notice of her intent to resign. *See Green*, 578 U.S. at 563-64. And Plagianes gave that notice on April 12, 2021. [Doc. 1 ¶ 51; 9-1 ¶ 57.] From that date, she had 180 days (October 9, 2021) to file her charge. *See* 42 U.S.C. § 2000e-5(e)(1). She did not do so.

On appeal, Plagianes argues that the district court should have found that she was "constructively discharged" on July 31, 2021. (Appellant Br. at 16-17.) But as discussed above, two binding Supreme Court decisions, *Ricks* and *Green*, gut that argument. And in her brief, Plagianes appears to acknowledge the "significant case law" cutting against her. (*Id.* at 25.)

Even so, she asks this Court to defy those binding precedents, based on cherry-picked language from *Chawla v. Emory University*, No. CIV.A. 1:95CV0750JOF, 1997 WL 9057570 (N.D. Ga. Feb. 13, 1997). But *Chawla* is a three-decade-old, unpublished report and recommendation ("R&R") by a magistrate judge, not a

15

binding decision from this Court or the Supreme Court. *Id.* As such, it cannot overcome *Ricks* or *Green*.

Putting aside the weak precedential value of such authority, the case does not support Plagianes's argument. In the R&R, the magistrate judge found that the plaintiff filed an EEOC charge on September 3, 1993, thereby covering any discriminatory acts that occurred during the prior 180-day period and during the EEOC's ensuing investigation. *Chawla*, 1997 WL 9057570, at *9 and n.1 (N.D. Ga. Feb. 13, 1997). And on September 10, the plaintiff gave notice of resignation, effective October 4, 1993. *Id.* at *6. So when the plaintiff filed his EEOC charge, he had not yet even resigned. *Id.* By extension, he had not been constructively discharged—at least not as the Supreme Court defined the term in *Green*. *See id.*

Based on that chronology of events, the magistrate judge found that the plaintiff had filed a timely EEOC charge for discrimination claims dating to March. *Id.* And to be clear, the R&R did not hold that the plaintiff's constructive discharge claim was timely. The magistrate judge had no reason to reach that issue, because he separately found that the plaintiff could not prove the essential elements of a constructive discharge claim. *Id.* at *15-16. But even if the plaintiff had a viable constructive discharge claim, his EEOC charge would have been early—not three months late like Plagianes's.

16

So on its best day,[2] that unreported R&R does not support Plagianes's argument either (i) that "constructive discharge" begins on the final day of employment rather than the date the employee gives notice of intent to resign, or (ii) that a constructive discharge claim is timely if the employee files her EEOC charge within 180 days of her last day of work but not the date she gave notice of resignation. The R&R does not speak to the timeliness of Plagianes's ADA claims.

This Court should therefore disregard that R&R, hew to the Supreme Court's well-worn path in *Ricks* and *Green*, and affirm the district court's finding that Plagianes's ADA claims are all untimely.

### III.    Plagianes has waived the issue of equitable tolling.

Under 42 U.S.C. § 2000e-5(e)(1), an employee's 180-day charge-filing deadline is theoretically subject to equitable tolling, but courts must apply that doctrine "sparingly." *Morgan*, 536 U.S. at 113. This Court generally reviews *de novo* a district court's determination about the availability of equitable tolling, and it

---

[2] And as it turns out, that R&R's best days were short-lived, as the district court rejected the magistrate judge's analysis about the timeliness of the EEOC charge, finding that the magistrate judge had misidentified the operative filing date. *Chawla v. Emory Univ.*, No. CIV.A. 1:95CV0750JOF, 1997 WL 907571, at *3-4 (N.D. Ga. Mar. 31, 1997) ("In the court's view, Plaintiff is more akin to the person who simply waited too long under the relevant statute to file his or her suit. Based upon this discussion, the court DECLINES to adopt the Magistrate Judge's finding that Plaintiff's EEOC statement on September 3, 1993, constituted the filing of a charge. Based upon the fact that Plaintiff filed his EEOC Charge on September 27, 1993, it would appear that the appropriate date on which to commence the 180-day period is March 31, 1993.").

reviews the district court's application of the law to the facts only for an abuse of discretion. *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 675 (11th Cir. 2015). But this Court does "not review issues—particularly fact-bound issues—not presented to the district court, and on which the district court did not have an opportunity to make factual findings." *Id.* So if a plaintiff fails to argue to the trial court that it should equitably toll a limitations period under 42 U.S.C. § 2000e-5(e)(1), the plaintiff has not preserved that issue for appeal. *Id.*

For instance, in *Abram v. Fulton County Government*, a district court dismissed a plaintiff's ADA claims, finding that she had missed her 180-day charge-filing deadline under 42 U.S.C. § 2000e-5(e)(1). *Id.* at 675-76. On appeal, the plaintiff argued that the district court should have equitably tolled that limitations period because the defendant had unduly influenced her attorney to delay in filing the charge. *Id.* at 673-74. But she did not present those arguments to the district court. *Id.* And because that argument was not before the district court, this Court "decline[d] to consider" the issue on appeal. *Id.* at 676.

*Abram* is on all fours. Though FCSD moved to dismiss Plagianes's ADA claims on statute-of-limitations grounds, Plagianes never mentioned equitable tolling below. She cannot fault the district court for not considering an issue she failed to raise. Because Plagianes did not argue equitable tolling until after appealing the district court's ruling, she has waived the issue on appeal. *See id.* at 676.

18

**IV.      No facts justify equitable tolling.**

Even if Plagianes had preserved the equitable tolling issue for appeal, she still shows no entitlement to it. Courts may not disregard Congress's pre-suit administrative requirements merely "out of vague sympathy for particular litigants." *Morgan*, 536 U.S. at 113-14 (internal quotation marks omitted). For equitable tolling to be warranted, the employee must show that the untimeliness of the filing was "due to 'extraordinary circumstances that are beyond [the employee's] control and unavoidable even with diligence.'" *Ahmed v. Bd. of Regents of Univ. Sys. of Ga.*, 339 F. App'x 937, 938 (11th Cir. 2009) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). "Equitable tolling is not warranted where the plaintiff failed to exercise due diligence or where she failed to file her [charge] in a timely fashion, despite knowing (or being in a position to know) that the limitations period was running." *Abram*, 598 F. App'x at 675.

Under that exacting standard, an employee's pro se status or ignorance of the EEOC's pre-suit administrative procedures will not support equitable tolling of the 180-day charge-filing deadline. *Ahmed*, 339 F. App'x at 938. Rather, the plaintiff must show that her delay was attributable to something like "fraud, misinformation, or deliberate concealment" or "an extreme mental illness that deprives a person of the ability to timely file." *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012).

19

For instance, in *Brown v. John Deere Product, Inc.*, the plaintiff missed her ninety-day deadline, under 42 U.S.C. § 2000e-5(f)(1), to file suit after receiving her right-to-sue letter from the EEOC. *Id.* at 909. The plaintiff argued that the trial court should have equitably tolled this limitations period because, just two days before the filing deadline, she was the victim of a traumatic home invasion. *Id.* On appeal, this Court affirmed the trial court's rejection of that argument, reasoning, "Even after the invasion, she had the ability to file her complaint." *Id.* at 910.

If the facts in *Brown* did not warrant equitable tolling, then Plagianes's circumstances certainly do not. Her argument for equitable tolling essentially boils down to a plea for mercy. In early April, FCSD made clear Plagianes was fired, triggering her charge-filing deadline. *See* 42 U.S.C. § 2000e-5(e)(1). FCSD never waffled on that decision or misled Plagianes about her future employment status. And Plagianes has no "extreme mental illness that deprive[d]" her "of the ability to timely file" her EEOC charge. *See Brown*, 460 F. App'x at 910. She just stuck her head in the sand and hoped FCSD would change its mind. Hope springs eternal, but it does not support equitable tolling. *See id.*

If it did, the limitations period under § 2000e-5(e)(1) would be meaningless. No matter how clearly and definitively an employer communicates a separation decision, the employee can always claim she misunderstood the employer's intentions, underestimated the employer's resolve, or hoped in vain that the

20

employer would change its mind. If those kinds of circumstances could support equitable tolling, then there would no limit on an employee's ability to delay the administrative resolution process. That scenario would frustrate the remedial scheme under the ADA and all other employment statutes subject to EEOC exhaustion. This Court should reject Plagianes's invitation to neuter the ADA's administrative filing deadlines.

### CONCLUSION

Under 42 U.S.C. § 2000e-5(e)(1), the district court correctly dismissed Plagianes's ADA claims for lack of administrative exhaustion. She had to file her EEOC Charge in October 2021, but she waited until January of the next year. Her failure-to-accommodate claim is therefore barred.

Plagianes has given this Court no grounds to let her off the hook. She cannot extend her filing deadline either by pretending she did not know she was fired or by labeling her resignation a "constructive discharge." And she cannot conjure up an "equitable tolling" theory on appeal, especially since she has no grounds for invoking that rare exception.

Like all employees, Plagianes must adhere to the ADA's administrative remedial scheme. She deserves no special exemption from those long-standing requirements.

For all these reasons, FCSD asks this Court to affirm the district court's granting of FCSD's motion to dismiss.

Respectfully submitted this 15th day of December, 2025.

/s/ Brandon O. Moulard
Brandon O. Moulard
Georgia Bar No. 940450
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Appellee*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
678.690.5750
404.869.6972 (facsimile)
brandonmoulard@parkerpoe.com
jeffdaniel@parkerpoe.com

22

## <u>CERTIFICATE OF TYPE-VOLUME COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Rules of the United States Court of Appeals for the Eleventh Circuit, the undersigned counsel for the Appellee hereby certifies that this principal brief complies with the type-volume limitation of the Rules concerning the number of words (14,000) in a brief. Appellee certifies that the number of words in this Brief is 4,716 excluding the parts of the brief exempted by Rule 32(a)(7)(b)(iii) and Eleventh Circuit Rule 32-4. Appellee certifies that the number of words in this Brief was calculated by the word processing program Microsoft Word.

Respectfully submitted this 15th day of December, 2025.

/s/ Brandon O. Moulard
Brandon O. Moulard
Georgia Bar No. 940450
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Appellee*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
678.690.5750
404.869.6972 (facsimile)
brandonmoulard@parkerpoe.com
jeffdaniel@parkerpoe.com

23

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day I electronically filed the foregoing **APPELLEE'S**

**RESPONSE BRIEF** using the Court's CM/ECF filing system, which will serve an

electronic copy of the same to these attorneys of record:

> Anthony J. Hall, Esq.
> Jordan Rose, Esq.
> THE LEACH FIRM, PA
> 1560 N. Orange Avenue
> Suite 600
> Winter Park, FL 32789
> ahall@theleachfirm.com
> jrose@theleachfirm.com

Respectfully submitted this 15th day of December, 2025.

> */s/ Brandon O. Moulard*
> Brandon O. Moulard
> Georgia Bar No. 940450
> Jeffrey R. Daniel
> Georgia Bar No. 949075
> *Counsel for Appellee*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
678.690.5750
404.869.6972 (facsimile)
brandonmoulard@parkerpoe.com
jeffdaniel@parkerpoe.com